UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSUNEYOSHI SURUKI,<br>　　　Plaintiff,<br>　　v.<br>OCWEN LOAN SERVICING, LLC, et al.,<br>　　　Defendants. | Case No.  15-cv-00773-JST<br><br>**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE STAYED AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF No. 21 |

　　　　Currently before the Court in this case is a motion to dismiss filed by Defendants.  ECF No. 21.  Plaintiff Tsuneyoshi Suruki's complaint alleges that the foreclosure of his property was wrongful because Plaintiff's lender sold and securitized Plaintiff's loan in a manner that did not comply with the terms of the governing Mortgage Loan Purchase Agreement (MLPA) and the Pooling and Servicing Agreement (PSA).  ECF No. 1 at ¶¶ 9, 11.

　　　　Defendants' motion to dismiss argues that Plaintiff cannot challenge the "right, power, and authority of a foreclosing 'beneficiary' or 'beneficiary's agent' to initiate and pursue foreclosure" on the basis of alleged defects in the securitization process.  ECF No. 21 at 4 (quoting Jenkins v. JPMorgan Chase Bank, N.A., 216 Cal. App. 4th 497, 515 (2013)).  Plaintiff argues in opposition that this Court should apply the Fifth Appellate District's decision in Glaski v. Bank of Am., Nat'l Ass'n, 218 Cal. App. 4th 1073, 1099 (2013), which permitted "claims that challenge a foreclosure based on specific allegations that an attempt to transfer the deed of trust was void" and allowed "borrowers to pursue questions regarding the chain of ownership" of a securitized loan.  This Court has previously noted that "Glaski represents a distinct minority view on the standing of third parties to enforce or assert claims based on alleged violations of a PSA," and adopted "the majority view that individuals who are not parties to a PSA cannot base wrongful foreclosure claims on alleged deficiencies in the PSA/securitization process."  Gieseke v. Bank of Am., N.A.,

1  No. 13-CV-04772-JST, 2014 WL 718463, at *3 (N.D. Cal. Feb. 23, 2014) (quoting Apostol v. CitiMortgage, Inc., No. 13-CV-01983-WHO, 2013 WL 6328256, at *6-7 (N.D. Cal. Nov. 21, 2013)).

Subsequent to this Court's adoption of that majority rule, however, the California Supreme Court granted review of the following question: "In an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?" Yvanova v. New Century Mortgage Corp., 331 P.3d 1275 (Cal. 2014).  Following its grant of review in Yvanova, the California Supreme Court also granted review of two other cases that have declined to follow Glaski.  See Mendoza v. JPMorgan Chase Bank, 337 P.3d 493 (Cal. 2014) and Keshtgar v. U.S. Bank, 334 P.3d 686, 687 (Cal. 2014).

In light of the California Supreme Court's present consideration of the issue of a borrower's standing to challenge alleged defects in the loan assignment process – an issue on which it has not previously spoken – the Court hereby issues this order to show cause why the above-captioned case should not be stayed, including the resolution of the pending motion to dismiss, until the issuance of a decision in Yvanova.  Any party opposing issuance of such a stay shall file a brief of no longer than 10 pages by June 16, 2015.  If no party files an opposition by that date, the Court will stay the case.  If both parties file an opposition, the matter will be placed under submission unless the Court sets a hearing on the question of whether to stay the case.  If only one party files an opposition, the other party will have until June 26, 2015 to file a brief in favor of staying the case, at which time the Court will take the matter under submission unless the Court sets a hearing.

In light of the foregoing, the Case Management Conference currently scheduled for June 10, 2015 is continued to July 22, 2015 at 2:00 p.m.

IT IS SO ORDERED.

Dated: June 2, 2015

_____
JON S. TIGAR
United States District Judge