UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSUNEYOSHI SURUKI,<br><br>   Plaintiff,<br><br>   v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>   Defendants. | Case No. 15-cv-00773-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF Nos. 41, 43 |

Before the Court is Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and HSBC Bank USA's ("HSBC") Motion to Dismiss Plaintiff's Complaint, ECF No. 43, as well as Defendant First American Trustee Servicing Solutions, LLC's ("First American") Motion to Dismiss Plaintiff's Complaint, ECF No. 41. Both motions will be granted with leave to amend.

**I.   BACKGROUND**

   **A.   Allegations in the Complaint**

On April 20, 2006, Plaintiff Tsuneyoshi Suruki obtained a mortgage loan in the amount of $740,000, consisting of a Deed of Trust ("DOT") and 30-year Adjustable Rate Note ("Note") from Fremont Investment and Loan to purchase real property in Foster City, California. ECF No. 1 ¶ 7; ECF No. 38 at 2. The DOT named Fremont General Credit Corporation as trustee and MERS as the beneficiary, and was recorded in San Mateo County on April 28, 2006. ECF No. 1 ¶ 7. The original loan servicer, Fremont Investment and Loan, was acquired by Litton Loan Servicing, LP, which was later succeeded by Ocwen. Id. ¶ 8. Plaintiff subsequently defaulted on the loan, and the property was sold at a trustee's sale in 2012. ECF No. 38 at 2.

Plaintiff's six causes of action arise from alleged irregularities in the assignment and securitization of his mortgage loan, which, he claims, invalidated Defendants' right to engage in

1   foreclosure proceedings. Specifically, Plaintiff alleges that Fremont Investment and Loan bundled
2   Plaintiff's mortgage into a pool with other mortgages and sold it to its affiliate Fremont Mortgage
3   Securities Corporation on August 1, 2006. Id. ¶ 9. Plaintiff claims that this sale was done without
4   an effective assignment and transfer from Fremont Investment and Loan to Fremont Mortgage
5   Securities in violation of the terms of the Mortgage Loan Purchase Agreement ("MLPA") agreed
6   to by both parties and filed with the U.S. Securities and Exchange Commission. Id.

7   Plaintiff further alleges that Fremont Mortgage Securities formed a mortgage-backed
8   securities trust (the "Fremont Home Loan Trust 2006-B") pursuant to a Pooling and Servicing
9   Agreement ("PSA") dated August 1, 2006. Id. ¶ 10. Fremont Mortgage Securities then "sold and
10  securitized each of the pooled mortgage loans (including the Subject Loan)" into the Fremont
11  Home Loan Trust 2006-B, which was sold to HSBC. Id. ¶ 11. The PSA sets forth a closing date
12  of "August 3, 200[6], or 90 days thereafter[, which served as] the absolute deadline for HSBC as
13  Trustee for the FREMONT HOME LOAN TRUST 2006-B to legally receive and accept
14  contribution of any mortgage loan asset into its trust fund." Id. ¶ 12.

15  Plaintiff claims that the official records of the San Mateo County Recorder do not show
16  any assignment of the DOT from Fremont Investment and Loan to any entity by August 3, 2006 or
17  "90 days thereafter," and that there is, therefore, no record of the required intervening assignment
18  of the DOT from the original lender to Fremont Mortgage Securities, as well as from Fremont
19  Mortgage Securities to HSBC, as required by the MLPA and PSA. Id. ¶¶ 14–15. Plaintiff asserts
20  that this undocumented transfer was a material breach of the MLPA and PSA, resulting in a break
21  in the chain of title of the mortgaged property. Id. ¶¶ 16–18.

22  Plaintiff further claims that the only mortgage assignment found on record with the San
23  Mateo County Recorder is from MERS, acting as agent on behalf of the original lender, to HSBC,
24  dated January 6, 2011. Id. ¶¶ 22–24, 68. Plaintiff alleges that this assignment was made after the
25  PSA closing date and that MERS lacked the authority to assign the Note and DOT. Id. ¶ 22–24.
26  Finally, Plaintiff alleges numerous violations of California and New York trust law, id. ¶ 26–30,
27  based on the theory that the assignment of the DOT to HSBC was void and HSBC, therefore, did
28  not have legal standing to authorize Litton or Ocwen to service Plaintiff's loan or to allow First

American Trustee to pursue foreclosure activities against Plaintiff.

### B.     Procedural Background

On February 19, 2015, Plaintiff filed a complaint, asserting claims for (1) wrongful foreclosure; (2) fraud; and (3) violations of the California Business and Professions Code § 17200 *et seq.* against all Defendants.  Plaintiff further asserts claims for (4) unjust enrichment against Ocwen and HSBC; (5) quiet title; and (6) "accounting" against MERS, Ocwen, and HSBC.

On April 3, 2015, Defendants HSBC, MERS, and Ocwen filed a Motion to Dismiss Plaintiff's Complaint.  ECF No. 17.  On June 22, 2015, the Court stayed the case pending the California Supreme Court's decision in Yvanova v. New Century Mortgage Corp., 331 P.3d 1275 (Cal. 2014).  ECF No. 34.  The stay was subsequently lifted on February 29, 2016 after the Yvanova opinion issued.  ECF No. 40.  On March 25, 2016, Defendant First American Trustee and Defendants HSBC, MERS, and Ocwen filed separate amended Motions to Dismiss Plaintiff's Complaint, ECF Nos. 41 & 43, which motions the Court now considers.

## II.     JURISDICTION

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The parties are diverse because Plaintiff is domiciled in California and none of the defendants are either incorporated in or have their primary places of business in California.  ECF No. 1 ¶¶ 1–5.  The amount in controversy requirement is met because Plaintiff alleges damages exceeding $75,000.  Id. ¶ 6.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

1  Id. While this standard is not a probability requirement, "where a complaint pleads facts that are
2  merely consistent with a defendant's liability, it stops short of the line between possibility and
3  plausibility of entitlement to relief." Id. (internal quotation marks omitted). In determining
4  whether the Plaintiff has met this plausibility standard, the Court must accept all factual
5  allegations in the complaint as true and construe the pleadings in the light most favorable to the
6  Plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. ANALYSIS

### A. Wrongful Foreclosure

Under California law, the elements for a claim of wrongful foreclosure are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104, 134 Cal. Rptr. 3d 622, 633 (2011).

Although Plaintiff's 39-page Complaint is far from "short" or "plain," see Federal Rule of Civil Procedure 8 (a)(2) (pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"), Plaintiff's wrongful foreclosure claim appears to be premised on his allegation that his mortgage loan was not assigned to the Fremont Home Loan Trust 2006-B within 90 days of the closing date, as required by the terms of the PSA.[1] See, e.g., ECF No. 1 ¶ 12 ("Pursuant to the binding and governing PSA, the trust's [closing date of August 3, 2006, or 90 days thereafter] is the absolute deadline for HSBC as Trustee for the Fremont Home Loan Trust 2006-B to legally receive and accept contribution of any mortgage loan asset into its trust fund. Any belated transfer and assignment of a mortgage loan to the securities trust is not allowed under the operative PSA . . . ."); id. ¶ 14 ("a review of the chain of title of the property in the DOT . . . does not show any assignment of the mortgage (DOT) from original lender Fremont Investment &

---

[1] To the extent, Plaintiff challenges similar deficiencies in the assignment of his mortgage loan due to violations of requirements set forth in the MLPA, the same analysis applies.

Loan to any entity, on or before the August 3, 2006 Closing Date [of the Trust] or 90 days thereafter."). According to Plaintiff, this resulted in "an irreversible break in the chain of title of the mortgaged property," ECF No. 1 ¶ 15, thereby rendering the subsequent foreclosure wrongful.

Defendants argue that Plaintiff lacks standing to challenge the assignment and securitization of Plaintiff's mortgage loan because he was not a party to the PSA that created the requirement, the violation of which forms the basis of Plaintiff's Complaint. ECF No. 43-1 at 12–15; ECF No. 47 at 4. According to Defendants, "any purported belated transfer to a trust is merely *voidable*, meaning it can be ratified by the parties," and not void. ECF No. 43-1 at 13. Plaintiff offers no response to Defendants' arguments in this respect. ECF No. 45.

The Ninth Circuit, applying California law, has stated that a "borrower does have standing to challenge an assignment of his note and deed of trust on the basis of defects allegedly rendering the assignment *void*." Morgan v. Aurora Loan Services, LLC., No. 14-55203, 2016 WL 1179733, at *2 (9th Cir. 2016) (citing Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919 (2016) (emphasis added)). However, where "an act in violation of a trust agreement is voidable—not void—under New York law, which governs the Pooling and Servicing Agreement (PSA) at issue, [a plaintiff] lacks standing" to sue for wrongful foreclosure. Id. (citing Rajaman v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 87–90 (2d Cir. 2014) for the proposition that "'any failure to comply with the terms of the PSAs' did not render the 'acquisition of plaintiffs' loan and mortgages void' because '[u]nder New York law, unauthorized acts by trustees are generally subject to ratifications by the trust beneficiaries.'"); Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 815 (2016) (citing Rajaman and finding plaintiff lacked standing to sue for wrongful foreclosure based on an assignment which purportedly violated the terms of a Pooling and Servicing Agreement because "such an assignment is merely voidable" under New York trust law.)

Here, as in Morgan and Saterbak, the PSA is governed by New York law. ECF No. 1 ¶ 12. Accordingly, any failure to comply with the terms of the PSA renders the assignment of plaintiff's mortgage loan voidable, not void. Rajaman, 757 F.3d at 87–90; Saterbak, 245 Cal. App. 4th at 815. Because the purportedly deficient assignment of plaintiff's mortgage loan was merely voidable, plaintiff lacks standing to challenge such alleged deficiencies in a wrongful foreclosure

action. See Reed v. Wilmington Trust, N.A., No. 16-cv-01933-JSW, 2016 WL 3124611, at *5 (N.D. Cal. June 3, 2016) ("In light of the Ninth Circuit's opinion in *Morgan*, the Court concludes that Plaintiff fails to state a claim based on the allegedly late assignment" because "an assignment to a securitized trust that is made after the closing date is 'merely voidable'" under New York Law.). The Court will therefore grant Defendants' motions to dismiss Plaintiff's wrongful foreclosure claim with leave to amend.[2]

### B. Fraud

Under California law, "the elements of fraud . . . are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Conroy v. Regents of Univ. of Cal., 45 Cal. 4th 1244, 1255 (2009). Defendants argue that Plaintiff has failed to plead detrimental reliance. ECF No. 43-1 at 18. The Complaint alleges that "[b]ased on reliance to defendants' false claims, Plaintiff was harmed by each and every mortgage payment that was paid to LITTON and Defendant OCWEN as servicers of the REMIC trust entity." ECF No. 1 ¶ 93. However, as Defendants note, "Plaintiff was already obligated to make these payments under the Deed of Trust,

---

[2] If there are other procedural deficiencies in the chain of title alleged somewhere in Plaintiff's 39-page Complaint that might be relevant to Plaintiff's wrongful foreclosure claim, he does not identify them in his oppositions to the motions to dismiss. See ECF Nos. 45 & 49. Moreover, the Court finds that, to the extent such additional procedural deficiencies may be buried within the tangle of allegations within the Complaint, those allegations fail to meet Federal Rule of Civil Procedure's requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1); In re Metro. Sec. Litig., 532 F. Supp. 2d 1260, 1277 (E.D. Wash. 2007) ("A complaint whose length and disorganization require opposing counsel and the court to 'root around for actionable claims' does not satisfy Rule 8's pleading requirements."); In re Conner Peripherals, Inc., No. 95-cv-2244-MHP, 1996 WL 193811, at *1 (N.D. Cal. Jan. 18, 1996) ("Judicial resources are too scarce and worthy cases too pressing for a court to spend its time rooting around in bloated complaints drafted by experienced lawyers for a handful of actionable allegations."). See also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."); Winston Churchill, Churchill by Himself: The Definitive Collection of Quotations (Richard Langworth ed. 2008) ("This Treasury paper, by its very length, defends itself against the risk of being read."). The Court admonishes Plaintiff that if he intends to file an amended complaint, he should start from a blank slate, to save future readers the unnecessary effort of trying to sift through a morass of allegations that are untethered to any particular claim. Any response to a future motion to dismiss should also identify for the Court the elements of any claim and explain, by citation to specific paragraphs, where those elements can be found in the complaint.

1   so this cannot constitute detrimental reliance." ECF No. 43-1 at 18.  Plaintiff offers no response to

2   this argument.  Accordingly, the Court will dismiss Plaintiff's fraud claim with leave to amend.

### C. Section 17200 Claim

Plaintiff's third claim is for unfair competition under California Business and Professions Code § 17200.  "California's unfair competition statute prohibits any unfair competition, which means 'any unlawful, unfair or fraudulent business act or practice.'" In re Pomona Valley Med. Grp., Inc., 476 F.3d 665, 674 (9th Cir. 2007) (quoting Cal. Bus. & Prof. Code § 17200).  Each prong—fraudulent, unfair, and unlawful—is independently actionable. Lozano v. AT & T Wireless Servs., Inc., 504 F.3d 718, 731 (9th Cir. 2007).  Here, the Complaint appears to assert claims under each prong.  See ECF No. 1 ¶¶ 99–106.

"When a party sues an ostensible competitor under the unfair prong of § 17200, the claim may be proven only on the basis of conduct that threatens an incipient violation of an anti-trust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." ProconGPS, Inc. v. Star Sensor LLC, No. 11-cv-3975-SI, 2011 WL 5975271, at *3 (N.D. Cal. Nov. 29, 2011) (internal quotation marks omitted).  The Complaint alleges that Defendants' "conduct promotes an incipient violation of a consumer law, or violates the policy or spirit of such law or otherwise significantly threatens or harms competition." ECF No. 1 ¶ 105.  This conclusory allegation does not explain how Defendants' conduct is alleged to have harmed competition.  Plaintiff's Opposition brief provides no additional clarification.  ECF No. 45.  Accordingly, the Court dismisses Plaintiff's Section 17200 claim under the unfair prong with leave to amend.

Regarding the unlawful prong, "Section 17200 borrows violations from other laws by making them independently actionable as unfair competitive practices." CRST Van Expedited, Inc. v. Werner Enterprises, Inc., 479 F.3d 1099, 1107 (9th Cir. 2007) (internal quotation marks omitted).  Because the Court concludes that Plaintiff has failed to state a claim regarding any other purported violation of the law, the Court dismisses Plaintiff's Section 17200 claim under the unlawful prong with leave to amend.

7

Finally, regarding the fraudulent prong, "[f]raud under the UCL requires different elements than common law fraud." Pirozzi v. Apple, Inc., 966 F. Supp. 2d 909, 920 (N.D. Cal. 2013). Among those requirements is that "the plaintiff must allege 'a causal connection or reliance on the alleged misrepresentation.'" Id. (quoting Hall v. Time Inc., 158 Cal. App. 4th 847, 855 (2008)). Therefore, "UCL plaintiffs must point to a misrepresentation with particularity and plead that the misrepresentation 'was an immediate cause of the injury-producing conduct,' but not necessarily 'the sole or even the predominant or decisive factor.'" Id. (quoting In re Tobacco II Cases, 46 Cal. 4th 298, 326 Cal. Rptr. 3d 559 (2009)). Here, the Court concludes that the Complaint does not sufficiently allege a causal connection or reliance between any alleged misrepresentation and Plaintiff's purported injury. Plaintiff reveals no such causal connection in his Opposition brief. ECF No. 45. Accordingly, the Court dismisses Plaintiff's Section 17200 claim under the fraudulent prong with leave to amend.

### D. Unjust Enrichment

"[U]njust enrichment is not a cause of action" under California law. Jogani v. Superior Court, 165 Cal. App. 4th 901, 911 (2008). "Rather, it is a general principle underlying various doctrines and remedies, including quasi-contract." Id. To the extent Plaintiff intends to proceed under a quasi-contract theory, however, Plaintiff's claim fails because "a quasi-contract action for unjust enrichment does not lie where . . . express binding agreements exist and define the parties' rights." California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc., 94 Cal. App. 4th 151, 172 (2001). Here, the Deed of Trust and Note, as well as the other documents attached to Plaintiff's Complaint, define the parties' rights. Once again, Plaintiff offers no response to Defendants' arguments in this respect in his Opposition brief. ECF No. 45. Accordingly, the Court dismisses this claim with leave to amend.

### E. Quiet Title

"Quiet title claims are governed by Section 761.020 of the California Code of Civil Procedure, which provides that a complaint to quiet title 'shall be verified,' and requires it to include all of the following: (a) a description of the property that is the subject of the action; (b) the title of the plaintiff as to which a determination is sought and the basis of the title; (c) the

adverse claims to the title of the plaintiff against which a determination is sought; (d) the date as of which the determination is sought; and (e) a prayer for the determination of the title of the plaintiff against the adverse claims." Horton v. California Credit Corp. Ret. Plan, 835 F. Supp. 2d 879, 892–93 (S.D. Cal. 2011). Here, "Plaintiff seeks to quiet title against the claims of Defendants MERS, OCWEN, and HSBC, and all persons, . . . claiming any legal or equitable right, title, estate, lien, or adverse interest in the Subject Property." ECF No. 1 ¶ 116. However, Plaintiff does not plead any specific adverse claims to the title of the Subject Property made by Defendants. Indeed, according to the Trustee's Deed Upon Sale attached to Plaintiff's Complaint, all of First American's "right, title and interest" in the Subject Property was sold to Distressed Home Solutions, LLC on May 8, 2012. ECF No. 1-12. Distressed Home Solutions, however, is not named as a Defendant. Accordingly, the Court dismisses this claim with leave to amend. See Monreal v. GMAC Mortgage, LLC, 948 F. Supp. 2d 1069, 1079 (S.D. Cal. 2013) (dismissing quiet title claim and noting that because "all rights, title, and interest to the Property" had been transferred to a different entity as a result of the trustee's sale, "any claim to the Property must be made, if at all, against" that entity).

### F. Accounting

Finally, the Court dismisses with prejudice Plaintiff's claim for "accounting," which is "not an independent cause of action but merely a type of remedy." Batt v. City & Cty. of San Francisco, 155 Cal. App. 4th 65, 82 (2007).

## CONCLUSION

Defendant First American's Motion to Dismiss, ECF No. 41, is granted in its entirety with leave to amend. Defendants Ocwen, MERS, and HSBC's Motion to Dismiss, ECF No. 43, is granted with respect to claims 1, 2, 3, 4, and 5 with leave to amend, as well as with respect to

/ / /

/ / /

/ / /

/ / /

/ / /

1  claim 6 without leave to amend.  Should Plaintiff desire to file an amended complaint, the
2  deadline to do so is thirty days from the filing date of this order.
3      IT IS SO ORDERED.
4  Dated:  July 22, 2016

                                                  JON S. TIGAR  
                                     United States District Judge

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28